UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

SKY COUNTRY ESTATES, LLC,                                 Case No. 17-11617-tl7

    Debtor.

SKY COUNTRY ESTATES PROPERTY
OWNERS ASSOCIATION,

    Plaintiff,

v.                                                              Adv. Pro. 17-1069

SKY COUNTRY ESTATES, LLC,
et al.,

    Defendants.

## **OPINION**

Before the Court is plaintiff's motion to remand this adversary proceeding to the state court whence it came. The defendants oppose remand, as does the chapter 7 trustee, who argues that one of the asserted claims is estate property. The Court has reviewed the motion, response, and applicable law. Being duly advised, the Court finds that the motion is not well taken and should be denied.

                                                    I.        FACTS

For the limited purpose of ruling on the motion, the Court will assume the truth of the following facts:[1]

Debtor is a New Mexico limited liability company, formed in January 1998. There are ten

---

[1] The facts are taken from the dockets in the main bankruptcy case, this adversary proceeding, and the removed state court action. The facts will not bind the parties in subsequent proceedings. Unless otherwise indicated, however, there does not appear to be much dispute about them.

members. Debtor owned and developed a residential subdivision in Otero County, New Mexico, called Sky Country Estates. The subdivision, which is about seven miles west of Cloudcroft, New Mexico, has 67 lots, ranging from 2.5 acres to 27.875 acres.

On May 5, 1997, Debtor signed a Disclosure Statement related to the subdivision. The statement included the following:

> Water will be furnished by subdividers. Water system will meet all county and state regulations. Sky Country Property Owners Association will have power to regulate the water fees, repair and maintenance of water system. Initial water fees to be as follows: $60 per year if not hooked up to system, $200 per year if hooked up to system. Each lot owner shall be responsible for their own water system requirements from installed water line to their land or building site.
> …
> The installation of the water lines will run down the road easement in front of each lot. Each lot owner will be responsible for the installation of water to their building site from water line located in road easement. Maintenance and fees for water system will be responsibility of Sky Country Property Owner's Association. Water shall be provided to entire subdivision in three separate phases of development. Phase I shall consist of Lots 1 through 15; 50 through 53; 55 through 68 (totaling 33 lots). Phase II shall consist of Lots 16 through 39 and Lot 54. Phase III shall consist of Lots 40 through 49. Water well and storage tank locations for Phase II and III to be determined prior to marketing of said lots.
> …
> Initially water will not be metered. The water will be regulated by the Sky Country Property Owner's Association.
> …
> Well providing water for Phase I is located on Lot 68. Water is pumped to 25,000 gallon storage tank located on Lot 9 for distribution to all lots in Phase I. Water well and storage tank location for Phase II and III to be determined prior to marketing of said lots. Water delivery systems shall meet all state regulation requirements.
> …
> Water system extension shall meet all state regulation requirements.
> …
> Life expectancy of a properly drilled well would be more than fifty years. The life of any particular well cannot be accurately predicted.
> …
> See attached well report for well located on Lot 68. The formation is comprised of limestone, sandstone, siltstone, dolomite and shale in the upper part. Redbed, lomestone, gypsum, and dolomite in the lower part.
> …
> It is the opinion of the State Engineer that the subdivider's water proposal and

disclosure statement conform with county subdivision regulations.

Between 1997 and 2006, Debtor sold all but 4 of the subdivision lots. By June 2014, eight of the lots had been developed with single-family houses and had full-time residents, while 14 other lots were occupied part-time.

Debtor built a water system to serve the subdivision. The system supplies water, but some of the property owners allege that the amount supplied is inadequate. In addition, they allege that the water wells do not meets the recommended standards for public water systems.

Debtor attempted to increase the water supply by drilling 14 additional wells. 12 of those turned out to be dry holes.

On June 23, 2009, some of the lot owners formed Sky Country Estates Property Owners Association, a New Mexico nonprofit corporation (the "POA").

On November 8, 2012, the POA filed a complaint against Debtor and its members, styled *Sky Country Estates Property Owners Association, a New Mexico Non-Profit Unincorporated Association v. Sky Country Estates, LLC, et al.,* No. CV-2012-697 (the "Action").[2] The Action was filed in New Mexico's Twelfth Judicial District.

The POA's amended complaint asserted three counts: Count I (breach of contract); Count II (unjust enrichment); and Count III ("Fraudulent Disbursement of Funds from [Debtor] to [members]").[3] All three counts relate to the water supply dispute.

Defendants answered the amended complaint on July 25, 2014, and demanded a jury. In 2016, Defendants filed a motion to dismiss for lack of standing, as well as a motion for summary

---

[2] The POA described itself as an unincorporated association, which appears to be incorrect.
[3] It is not clear Count III states a cause of action. It does not allege the elements of a fraudulent transfer claim under state or federal law, nor the elements of a "veil-piercing" or "alter ago" claim. While the POA asks for a judgment against the members individually because of the alleged failure to complete the water system, it would not be entitled to such relief without pleading and proving some sort of veil-piercing claim.

judgment. Later that year, Plaintiff filed a motion for partial summary judgment. All of these motions are still pending.[4]

A pre-trial conference was set for June 28, 2017. Debtor filed this bankruptcy case on June 23, 2017. On September 19, 2017, some of the members removed the Action to this Court. Plaintiff timely filed a motion for remand.

While the remand motion was pending, the chapter 7 trustee appointed in the main case filed a brief asserting, inter alia, that the estate owns Count III. The trustee opposes remand.

The claims bar date has passed. The POA filed a claim for $2,589,400, allegedly the cost to fix the water system. John Wheeler filed a $13,448.10 claim for unpaid attorney fees. He represented Debtor pre-petition and continues to represent some of the members. Finally, six members filed proofs of claim for loans to the Debtor, indemnification, and "appropriate distribution of assets upon dissolution."

The bankruptcy estate owns four vacant lots, the subdivision's water system, $3,110.17 in a bank account, and (possibly) Count III.

## II. DISCUSSION

A. <u>Removal and Remand</u>.

1. <u>Removal</u>. 28 U.S.C. § 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

The members removed the Action pursuant to this section.

---

[4] In early September 2017, the judge presiding over the Action was appointed as a U.S. Magistrate Judge for the District of New Mexico. The Action is now assigned to Hon. James W. Counts.

2. <u>Remand</u>. The POA asks for remand under 28 U.S.C. § 1452(b), which provides:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise. . . .

Section 1452(b) gives bankruptcy courts broad discretion to remand removed cases. *See generally* 1 Collier on Bankruptcy ¶ 3.07[6] (16th ed.). Unsurprisingly, a number of "factor" tests have been developed to assist the court in determining whether to remand a removed action. *See, e.g., In re Dune Energy, Inc.,* 575 B.R. 716, 732 (Bankr. W.D. Tex. 2017) (14-factor test); *In re Meridian Medical Systems, LLC,* 2017 WL 3503357, at *3 (Bankr. D. Maine) (seven factors); *In re Nassau Develop. Of Village West Corp.,* 547 B.R. 857 (Bankr. S.D. Fla. 2016) (14 factors); *In re Ahearn,* 318 B.R. 638, 643 (Bankr. E.D. Va. 2003) (six factors).

The Tenth Circuit has a similar test. First, the bankruptcy court must determine if the proceeding is subject to mandatory abstention. *Personette v. Kennedy (In re Midgard Corp.),* 204 B.R. 764, 774-75 (10th Cir. BAP 1997) (collecting cases); *In re Notary*, 547 B.R. 411, 417 (Bankr. D. Colo. 2016) (quoting and following *Midgard*); *In re Gregory Rock House Ranch, LLC*, 339 B.R. 249, 252 (Bankr. D.N.M. 2006) (same). There are six requirements for mandatory abstention. If the requirements are met, the proceeding must be remanded.

If mandatory abstention does not apply, the court should nevertheless remand the proceeding if "permissive abstention" is indicated. *Oakwood Acceptance Corp. v. Tsinigini (In re Oakwood Corp.),* 308 B.R. 81, 87 (Bankr. D.N.M. 2004); *In re Brutsche,* 2012 WL 4903663, at *3 (Bankr. D.N.M.). Twelve factors are weighed when permissive abstention is requested.

B. <u>Mandatory Abstention</u>.

1. <u>§ 1334(c)(2)</u>. 28 U.S.C. § 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

This section has the following requirements:

1. The motion for abstention must be timely filed;
2. The matter must be based on a state law claim or cause of action;
3. An action was commenced in state court;
4. The action can be timely adjudicated in state court;
5. The claim is within the Court's non-core jurisdiction; and
6. There is no independent source of federal jurisdiction that would have permitted the plaintiff to commence the action in federal court in the absence of the bankruptcy case.

*Hernandez v. Lasalle Bank, N.A. (In re Hernandez)*, 2010 WL 5155011, at *4 (Bankr. D.N.M. 2010), citing *In re Mobile Tool Intern.*, 320 B.R. 552, 556 (Bankr. D. Del. 2005) and *In re Gregory Rock House Ranch, LLC*, 339 B.R. 249, 253 (Bankr. D.N.M. 2006).

    2.    <u>Analyzing the Requirements</u>. Here, the motion was timely filed and all claims are state law claims. Thus, requirements 1 and 2 are satisfied.

Requirement 3: <u>An action is pending in state court</u>. There is no action currently pending in state court; the only state court action was removed to this Court. Some courts have held that, because of the lack of a pending state court action, mandatory abstention does not apply to removed actions. *See, e.g., Midgard,* 204 B.R. at 773 (collecting cases). The *Midgard* court rejected that reasoning, however, and ruled that mandatory abstention does apply to removed proceedings. *Midgard*, 204 B.R. at 774-75 (§ 1334(c)(2) only requires that the action have been commenced in state court, not that one is pending when mandatory abstention is considered). Thus, under *Midgard,* the requirement of a pending state court action is deemed satisfied in all actions removed from state court.

Requirement 4: <u>Timely adjudication in state court</u>. Here, it is questionable whether the Action could be timely adjudicated in state court. Before removal, the action had been pending in state court for nearly five years. The original state court judge became a federal magistrate judge, so the proceeding was assigned to a new judge. Any state court trial would be a jury trial, which typically involves delay. State court dockets tend to be very busy.

Requirement 5: <u>Non-core jurisdiction</u>. The POA's proof of claim, filed December 4, 2017, is based on Counts I and II.[5] Filing a proof of claim "transforms litigation into a core proceeding." *See In re Millenium Seacarriers, Inc.,* 419 F.3d 83, 98 (2nd Cir. 2005), quoting *Central Vermont Public Service Corp. v. Herbert,* 341 F.3d 186, 19 (2nd Cir. 2003); *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987) (a claim filed against the estate is a core proceeding because it could arise only in the context of bankruptcy). *See also* 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of claims is a core proceeding).

Count III also probably comes within the Court's core jurisdiction, because it probably is intended either to recover alleged fraudulent conveyances, or else to impose liability on the members under a veil-piercing or alter ego theory.[6]

<u>Fraudulent transfer claim</u>. Pre-petition, New Mexico's Uniform Voidable Transactions Act, N.M.S.A. § 56-10-14 et seq., gives individual creditors standing to recover certain fraudulent transfers by their debtors. *See* N.M.S.A. § 56-10-21. If the debtor files a

---

[5] In response to the question "what is the basis of the claim," the POA stated "Contractual obligation to provide legally compliant water system." Further, although Count II alleges that "the Defendants" were unjustly enriched, the count does not state a cause of action against the members, because the lots were sold by Debtor, not the members. *See* N.M.S.A. § 53-19-13 (members of a limited liability company are not liable for the debts of a limited liability company, "whether arising in contract, tort, or otherwise . . . ."). Thus, the proof of claim is based on the POA's breach of contract and unjust enrichment claims against the Debtor.

[6] If Count III was intended to assert another cause of action, it will need to be re-plead. Count III probably should be re-plead in any event.

bankruptcy case, however, creditors lose their standing to the bankruptcy trustee or other estate representative. *See, e.g., St. Paul Fire and Marine Ins. Co. v. PepsiCo. Inc.,* 884 F.2d 688, 700-02 (2nd Cir. 1989); *Whirlpool Corp. v. CIT Group/Business Credit, Inc.,* 258 F. Supp. 2d 1140, 1146 (D. Haw. 2003) ("a creditor does not have standing to bring an action that is the well-established right of the Bankruptcy Trustee"); *Barnett v. Stern,* 93 B.R. 962, 968-69 (N.D. Ill. 1988), reversed on other grounds, 909 F.2d 973 (7th Cir. 1990); *In re THR & Associates, Inc.,* 2016 WL 3134653 (Bankr. C.D. Ill.) ("when a bankruptcy case has been filed, only the Chapter 7 trustee may prosecute fraudulent conveyance actions").

Claims to recover alleged fraudulent transfers are within the Court's core jurisdiction. *See* 28 U.S.C. § 157(b)(2)(H); *XL Sports, Ltd. v. Lawler*, 49 Fed. Appx. 13, 21 (6th Cir. 2002) (bankruptcy court's core jurisdiction extends to fraudulent transfer actions brought under §§ 544 and 548).

<u>Veil-piercing/Alter ego</u>. Pre-petition, creditors of a corporation have standing to bring veil-piercing claims against stockholders. This standing devolves to the trustee, however, if the corporation files bankruptcy. *See, e.g., ANR Limited Inc. v. Chattin,* 89 B.R. 898 (D. Utah 1988) (alter ego claim is estate property, so the proper party to assert it is the trustee); *In re 10th Ave. Record Distributors, Inc.,* 97 B.R. 163 (S.D.N.Y. 1989) (trustee had standing to pursue veil-piercing claim); *S. I Acquisition, Inc. v. Eastway Delivery Service, Inc. (In re S.I. Acquisition, Inc.),* 817 F.2d 1142 (5th Cir. 1987) (alter ego claim is estate property); *In re Koch Refining v. Farmers Union Cent. Exchange, Inc.,* 831 F.2d 1339 (7th Cir. 1987) (only the bankruptcy trustee has standing to bring alter ego claim, which would benefit all creditors); *Delgado Oil Co., Inc. v. Torres,* 785 F.2d 857, 861 (10th Cir. 1986) (claim that could be pursued by a creditor pre-petition can only be pursued by the trustee post-petition, because the claim was designed to benefit all

creditors); *In re Emoral, Inc.*, 740 F.3d 875, 880 (3rd Cir. 2014) (only bankruptcy trustee had standing to bring veil-piercing claim); *Harrison v. Soroof Int'l, Inc.,* 2018 WL 3614809, at *19 (D. Del.) (individual creditor lacked standing to assert alter ego claim, as the claim was a general claim that would benefit all creditors).

Alter ego claims brought by bankruptcy trustees are core proceedings. *See Central Vermont Pub. Serv. Corp. v Herbert,* 341 F.3d 186, 192 (2nd Cir. 2003) ("We have ruled that . . . alter ego claims are core proceedings"); *In re Madison Bentley Associates, LLC,* 474 B.R. 430, 438 (S.D.N.Y. 2012) ("the alter ego claim at bar is also core, a point defendants do not contest").

Requirement 6: <u>No independent source of federal jurisdiction</u>. In general, the only source of federal court jurisdiction for the Action is 28 U.S.C. § 1334. However, it should be noted that if Counts I and II are retained because they are core, but a re-plead Count III is non-core, mandatory abstention still would not apply because the Court would have supplemental jurisdiction over Count III. *See, e.g., Edge Petroleum Operating Co., Inc. v. GPR Holdings, LLC (In re TXNB Internal Case)*, 483 F.3d 292 (5th Cir. 2007) (if proceeding involves both core and non-core claims with the same "common nucleus of operative fact," court would have supplemental jurisdiction over the non-core claim, and mandatory abstention would not apply); *Sabre Technologies, L.P. v. TSM Skyline Exhibits, Inc.,* 2008 WL 4330897, at *3 (S.D. Tex.) (citing and following *TXNB*).

The Court concludes that the requirements for mandatory abstention are not satisfied because, inter alia, the claims are within the Court's core jurisdiction, and would not be adjudicated timely in state court.

C. <u>Permissive Abstention and Remand</u>.

The "permissive abstention" statute, 28 U.S.C. § 1334(c)(1), provides:

> [N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State court or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

The factors courts consider when weighing permissive abstention include:

1. The effect abstention would have on the efficient administration of the bankruptcy estate;
2. The extent to which state law issues predominate;
3. The difficulty or unsettled nature of applicable state law;
4. The presence of a related proceeding commenced in state court or other nonbankruptcy court;
5. The federal jurisdictional basis of the proceeding;
6. The degree of relatedness of the proceeding to the main bankruptcy case;
7. The substance of the asserted "core" proceeding;
8. The feasibility of severing the state law claims;
9. The burden the proceeding places on the bankruptcy court's docket;
10. The likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of parties;
11. The existence of a right to jury trial; and
12. Presence of nondebtor parties in the proceeding.

*In re Fred Dale Van Winkle*, 2016 WL 196981, *5 (Bankr. D.N.M.); *Commercial Financial Services, Inc. v. Bartmann (In re Commercial Financial Services, Inc.)*, 251 B.R. 414, 429 (Bankr. N.D. Okla. 2000), reconsideration granted in part, 225 B.R. 68 (Bankr. N.D. Okla. 2000) (a "well-worn list of factors"); and *In re Republic Reader's Service, Inc.*, 81 B.R. 422, 428-429 (Bankr. S.D. Tex. 1987).

The Court weighs the permissive abstention/equitable remand factors as follows:

| Factor | Discussion |
|---|---|
| 1. Effect on efficient administration | Does not favor remand. Allowance or disallowance of POA's claim is a critical part of this case. Count III may be a valuable estate asset. This Court is the most efficient forum for deciding those issues. |
| 2. Extent to which state law issues predominate | Favors remand. The claims are predominantly based on state law. |
| 3. Difficulty or unsettled nature of applicable state law | Does not favor remand. The claims appear to be fairly straightforward. |

| | |
|---|---|
| 4. Presence of a related state court proceeding | Does not favor remand. There is no related state court proceeding. |
| 5. Federal jurisdictional basis of the proceeding | Does not favor remand. All claims are within the core jurisdiction of the Court. |
| 6. Degree of relatedness of the proceeding to the main bankruptcy case | Does not favor remand. The outcome of the proceeding is central to this case. |
| 7. Substance of the asserted "core" proceeding | Does not favor remand. Claims allowance, fraudulent transfer, and alter ego are commonly dealt with by bankruptcy courts. |
| 8. Feasibility of severing the state law claims | Does not favor remand. All claims are based on the same facts. Severing claims would result in duplication of effort and the risk of inconsistent decisions. |
| 9. Burden on the bankruptcy court's docket | Does not favor remand. This Court could hear the matter timely. Trying the dispute would not be an undue burden. |
| 10. Likelihood of forum shopping | Neutral. It is possible that forum shopping was one reason for the removal. On the other hand, the Debtor lacks money to fund the litigation, and that was likely a reason as well. |
| 11. Right to a jury trial | Does not favor remand. By filing the proof of claim, the POA waived its right to a jury trial of Counts I and II. Count II is equitable and must be tried to the Court. |
| 12. Presence of non-debtor parties | Does not favor remand. A recovery from the members would benefit the estate. The trustee wants to bring his claim against the members in this Court. The members do not oppose litigating the matter in this Court. |

Overall, the factors weigh heavily against remanding the Action on equitable grounds.

### III.  CONCLUSION

The Court concludes that the motion to remand is not well taken and should be denied. The motion will be denied by separate order.

                                                  _____
                                                  Hon. David T. Thuma
                                                  United States Bankruptcy Judge

Entered: August 10, 2018

Copies to: counsel of record